IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:20-mj-2503 |
| | ) | |
| v. | ) | JUDGE HOLMES |
| | ) | |
| | ) | **Filed Under Seal** |
| JASON STOKES | ) | |

## UNITED STATES' MOTION FOR DETENTION

The United States of America, by and through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and Kathryn Risinger, Assistant United States Attorney, respectfully moves this Court to issue an Order detaining the defendant without bond pending trial in this case because the defendant poses a danger to the community and a serious risk of flight.

The United States submits that a hearing is authorized in this matter pursuant to Title 18, United States Code, Section 3142(f)(1)(A) because the defendant is charged with an offense that qualifies as a crime of violence—Sending Threatening Communications Interstate, in violation of Title 18, United States Code, Section 875(c). *United States v. Choudhry*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013) ("[C]ommunicating a threat in violation of 18 U.S.C. § 875(c) constitutes a crime of violence warranting detention under Bail Reform Act."). *See also United States v. Santora*, 359 F. Supp. 3d 122 (D. Maine 2019) (holding that communicating a threat interstate in violation of 18 U.S.C. § 875(c) qualifies as a crime of violence).

The United States submits that pursuant to Title 18, United States Code, Section 3142(e), no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant as required. The United States further submits that under Title 18, United States Code, Sections 3142(g)(1)-(4), the factors set forth below weigh heavily in favor of

the defendant's continued detention:

1) The nature and circumstances of the offense charged, including that the defendant is charged with a crime of violence—Sending Threatening Communications Interstate;

2) That the weight of the evidence against the Defendant is significant and compelling. The defendant has made repeatedly expressed his support for ISIS and his desire to commit Jihad in the United States, first claiming to want to commit an attack in the projects where he lives, then possibly on Fort Campbell, and eventually settling on the Clarksville Police Department ("CPD");

3) The history and characteristics of the defendant, including his prior criminal history, lack of gainful employment, and mental health condition. More specifically, the defendant has a prior felony conviction for Aggravated Robbery on or about November 10, 2004 in Montgomery County, Tennessee, in Case Number 63CC1-2002-CR-615, after the defendant kidnapped and robbed or attempted to rob another at gunpoint. Additionally, he suffers from Schizoaffective disorder for which he is prescribed a monthly Haldol injection, but which he does not consistently take. Finally, the defendant is not gainfully employed and has not been for a lengthy period of time; and

4) The defendant's release would pose a serious threat to the community. As stated above, the defendant has repeatedly expressed his desire to commit an attack within the United States in support of ISIS.

In support of the factors set forth above and the Government's request for continued detention of the defendant, the United States incorporates and relies upon the allegations contained with the complaint affidavit filed in this case, as if fully set forth herein.

2

## CONCLUSION

For the foregoing reasons, as well as those that would be set forth at a detention hearing, the United States respectfully submits that there exists no condition or combination of conditions that would ensure the safety of any person or the community, or which would ensure the defendant's appearance at his court hearings. Accordingly, the United States requests that the Court detain the defendant pending trial. The United States further requests a three day continuance to prepare for the detention hearing pursuant to Title 18, United States Code, Section 3142(f).

                                    Respectfully Submitted,

                                    DONALD Q. COCHRAN
                                    United States Attorney
                                    Middle District of Tennessee

By:    /s/ *Kathryn Risinger*
        KATHRYN RISINGER
        Deputy Criminal Chief – Organized Crime
        110 9th Avenue South
        Nashville, Tennessee 37203
        Phone: (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email to Dumaka Shabazz, counsel for the defendant, on August 20, 2020.

                                    /s/ *Kathryn Risinger*
                                    KATHRYN RISINGER
                                    Deputy Criminal Chief – Organized Crime