UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:21-cr-00040 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| JASON SULIAMAN STOKES | ) | |

**SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and submits this sentencing memorandum in this matter on behalf of the United States.

There is no plea agreement in this case. Rather, on July 21, 2022, the Defendant pled guilty to the indictment without a sentencing recommendation. (DE # 49–50.) The United States reviewed the Pre-sentence Report ("PSR") and notified the Court that it has no objections in its Position with Respect to Sentencing Factors. (DE # 55). The United States avers that the Defendant's Total Offense Level is 17, which would result in a guideline sentencing range of 30 to 37 months, which massively understates the seriousness of the criminal conduct here. The United States recommends that the Defendant be sentenced to 60 months incarceration based on the incredibly serious nature of the threats made by the Defendant, his reconnaissance for potential attacks, his filming of potential propaganda related to his threats to various institutions in Clarksville, and lack of respect for the law, which is evidenced by his record while incarcerated as well as his conduct during the instant offense.

**APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)**

While a sentencing court must start any sentencing procedure with a calculation of the applicable Guideline range, the court must then consider the argument of the parties and factors

set forth in 18 U.S.C. § 3553(a). *See Peugh v. United States*, 569 U.S. 530, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). The factors that the court is to consider are outlined below with a brief discussion of their applicability or inapplicability following that follows:

### I. "the nature and circumstances of the offense and the history and characteristics of the defendant"

The offense conduct in this case is that the Defendant continued to make terroristic threats after two efforts by the Federal Bureau of Investigation (the "FBI") to intervene and disrupt his efforts to support the Islamic State of Iraq and Syria (commonly known as "ISIS"). More specifically, in 2018 and 2019, the FBI interviewed the Defendant related to extremist views in support of ISIS that he was expressing through social media. (PSR at ¶ 4–8.) Even after these admonitions, the Defendant's rhetoric and associated actions increased in vitriol and dangerousness to the Clarksville community. In April of 2020, the Defendant expressed his desire to join ISIS in an online known for its association with ISIS supporters and explained that other Muslims in his local community discouraged him from doing so, but he felt the "Islamic State is the truth." (*Id.* at ¶ 9.) The Defendant then planned to create a video where he would declare his loyalty to the leader of ISIS so that the organization could eventually claim responsibility for his actions. (*Id.* at ¶ 11–12.) The Defendant then actively sought to obtain an "AK" and wanted to perform an attack on behalf of ISIS where he lived because he felt he and his mother were disrespected. (*Id.* at 16–19.) The Defendant then recorded himself conducting recorded surveillance of the Clarksville Police Department where he discussed how the Islamic State was going to make its mark on Clarksville. (*Id.* at ¶ 21–22.) The Defendant was arrested by the FBI before he could effectuate his plans to act against physical targets in Clarksville on behalf of ISIS.

The Defendant has a violent criminal history that largely revolves around a particularly violent robbery and aggravated assault. (PSR, ¶ 44.) In 2002, the Defendant forced multiple

individuals into a truck at gunpoint. (*Id.*) In addition to the two counts of aggravated assault the Defendant pled guilty to, he was also charged with two counts of aggravated kidnapping and attempted aggravated robbery. (*Id.*) The Defendant also demonstrated significant defiance, disrespect, and an inability to follow the directives of prison staff when he was incarcerated for this offense. (*Id.*)

The above circumstances surrounding the charged offense, all involving violent threats as well as his efforts to conduct reconnaissance for these attacks and film potential propaganda videos in advance of attacks, demonstrate why a top of the sentencing guidelines sentence is appropriate for this Defendant.

**II.     Considerations regarding the sentence imposed:**

Section Two of 18 U.S.C. § 3553(a) deals with the requirements of any sentence to be imposed and, in turn, lists a variety of sub-factors for a court to consider in fashioning a sentence. Those include the following:

> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2).

The United States submits that the punishment ordered should consider the Defendant's repeated disregard for the law, the need for a sentence to deter future criminal conduct, and to protect the public from further crimes of the Defendant. The Defendant has demonstrated that he does not respect the law and does not believe it applies to him. Moreover, the Defendant actively

tried to join ISIS, an organization that has the sole overarching purpose of killing non-Muslims, particularly Americans. With almost no urging, the Defendant self-radicalized and actively sought assistance in carrying out an attack in Clarksville that, if successful, would have led to the death of innocent men, women, and children. This threat is even more serious based on the aggravated robbery and kidnapping the Defendant took part in prior to this incident. This same behavior necessitates a sentence at the top of the sentencing guidelines to adequately deter the future criminal conduct of the Defendant. Accordingly, a significant sentence is necessary to promote his respect for the law and to deter future criminal conduct.

### III. Issues with the Sentence; Policy Considerations; Restitution

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., a need for unwanted sentencing disparity and restitution.

The United States respectfully submits that most of these factors are not applicable to this Defendant in this case. The United States submits that the Guideline range contained in the PSR is below the statutory maximum for this offense (5 years) and that there are no amendments to the Guidelines or relevant federal statutes that apply to this Defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning this Defendant's charged conduct. The United States respectfully submits that a sentence at the high end of the Guideline range would not be a disparate sentence when one considers sentences within this district, this state and the United States that have been ordered for similarly situated defendants. The United States submits that there is no restitution in this case.

## CONCLUSION

The criminal conduct of the Defendant is profoundly troubling to the United States. After a lengthy sentence for aggravated assaults associated with an aggravated robbery and two aggravated kidnappings, the Defendant self-radicalized, actively tried to join ISIS, conducted reconnaissance for an attack, and sought funding from what he believed to be an ISSI facilitator so he could conduct that attack. But for the work of the FBI, the Defendant would have eventually found a like-minded individual to facilitate his desired attack. The United States acknowledges that the Defendant has a history of mental illness, but such a diagnosis does not lead directly to a desire to kill his fellow human beings because they do not share his faith. Any assertion that his mental health struggles are the cause of his conduct here ignores the positive contributions of millions of people around the world who deal with the same issues. Undersigned counsel respectfully submits that he believes that this court is considerate of these issues and is well positioned to fashion a just sentence that accounts for the dangerousness of the Defendant's conduct and the Defendant's personal struggles with mental illness. Accordingly, the United States submits that a sentence of 60 months is appropriate given the Defendant's conduct and extensive criminal history.

Respectfully submitted,

MARK H. WILDASIN
United States Attorney

By: /s/ Joshua A. Kurtzman
JOSHUA A. KURTZMAN
Assistant U.S. Attorney
716 Church Street – Suite 3300
Nashville, Tennessee 37203
Phone: (615) 401-6617

Joshua.Kurtzman@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on the 12th day of December 2022.

/s/ Joshua A. Kurtzman
JOSHUA A. KURTZMAN